PER CURIAM.
Beverly Health and Rehabilitative Health Services, Inc., appeals a final order dismissing with prejudice its petition to determine the invalidity of rule 59A-4.128, Florida Administrative Code, adopted by appellee, Agency for Health Care Administration (AHCA). For the reasons explained below, we affirm.
In a prior proceeding, the Florida Health Care Association, of which appellant is a member, challenged proposed rule 59A-4.128, which pertains to the rating of nursing homes. In that proceeding, the hearing officer sustained the validity of the proposed rule and determined, among other things, that the proposed rule incorporated certain federal regulations pertaining to nursing homes. Florida Health Care Ass’n, Inc. v. Agency for Health Care Admin., 18 FALR 3458 (Fla. DOAH 1996). No appeal was taken from that final order.
After receiving a conditional rating and a conditional license with respect to its facility doing business as Advantage Therapy and Nursing Center, pursuant to section 120.56(1), Florida Statutes (1995), appellant filed the instant petition challenging rule 59A-4.128 as adopted and applied to appellant’s nursing homes. In its petition, appellant alleges that AHCA has neither incorporated the applicable federal regulations into rule 59A-4.128 nor applied the rule in a manner consistent with such federal regulations. On the face of the instant petition, however, it is clear that appellant is not seeking to determine whether rule 59A-4.128 constitutes an invalid exercise of delegated legislative authority as contemplated by section 120.56(1). As we read appellant’s petition, it challenges an allegedly unwritten AHCA rule which modified rule 59A-4.128, or challenges rule 59A-4.128 as it is being applied by AHCA to appellant’s facilities, or both. The substance of the instant proceeding is not, however, a proper challenge to the *617 validity of a rule under section 120.56(1). Accordingly, we affirm the dismissal. Our affirmance, however, is without prejudice to appellant seeking appropriate relief in proceedings under sections 120.56(4) and 120.569, Florida Statutes (1995).
AFFIRMED.
ERVIN and VAN NORTWICK, JJ., concur.
BENTON, J., concurs in result.